ANNIE BENNETT AND PHILIP C. BENNETT, HER HUS-
BAND, RESPONDENTS, v. MARIA CECELIA DERIVAUX
HINRICHSEN, JOHN A. DERIVAUX, MARIA KATHRYN
DERIVAUX, ALOYSIUS J. DERIVAUX AND CHARLES
HUBERT DERIVAUX, APPELLANTS.

Submitted May 29, 1930—Decided February 4, 1931.

For the appellants, *Samuel D. Williams* and *Wolber &
Gilhooly*.

For the respondents, *Donald B. Munsick* and *Fred G.
Sticket, Jr.*

PER CURIAM.

The action was to recover damages for injuries received
in a fall upon a common stairway in an apartment house
which it was alleged the defendants negligently failed to keep
in repair. There were verdicts for the plaintiffs and the
defendants appeal, claiming that the woman plaintiff was
guilty of contributory negligence and that there should have
been a nonsuit in consequence. A rule for new trial was
allowed, argued and disposed of in the Supreme Court.

One of the reasons set forth in the rule was that the
verdicts were against the weight of the evidence. In the
case of *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497, 501, this court
said:

"A reason assigned for a new trial, that the verdict is
contrary to the weight of the evidence, which reason was
argued, considered and decided on the return of the rule,
is necessarily embraced within the exceptions to the refusal
to nonsuit and to direct a verdict on the ground that there
was no evidence of defendant's negligence, and that the con-
tributory negligence of the plaintiff conclusively appeared,

which were reserved in the rule, and, therefore, such exceptions cannot be considered on appeal."

See, also, *Goekel* v. *Erie Railroad Co.,* 100 *N. J. L.* 279, and *Margolies* v. *Goldberg,* 101 *Id.* 75, in which cases this court declared that "it is to be presumed that each and every reason (for new trial) was argued, but whether so or not, *all the reasons* in support of the rule, as an effect of the order (discharging it) are *res adjudicata."*

The present appeal comes squarely within the rule thus enunciated. Under the reason assigned in the rule that the verdicts were against the greater weight of the evidence the appellants were at liberty to, and presumably did, urge that the verdicts were against the weight of the evidence on the contributory negligence of Mrs. Bennett, and thereby waived the right to a review by appeal based on the ground that there should have been a nonsuit because of such contributory negligence.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.